THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARTHUR E. STALLWORTH** | * | **CIVIL ACTION NO. 07-886** |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | |
| **RALPH SLAUGHTER, PRESIDENT,** | * | **JUDGE** |
| **SOUTHERN UNIVERSITY &** | * | |
| **AGRICULTURAL & MECHANICAL** | * | |
| **COLLEGE, JOHNNY G. ANDERSON,** | * | |
| **CHAIRMAN OF THE BOARD OF SUPERVISORS** | * | |
| **OF SOUTHERN UNIVERSITY, RICHARD J.** | * | |
| **CARLTON, JR., WARREN A. FORSTALL,** | * | |
| **DALE N. ATKINS, LEA D. MONTGOMERY,** | * | **MAGISTRATE JUDGE** |
| **HERMAN LEE HARTMAN, SR., LOUIS MILLER,** | * | |
| **MURPHY NASH, JR., E. JEAN WARE,** | * | |
| **ACHILLES WILLIAMS, MYRON K. LAWSON,** | * | |
| **TONY M. CLAYTON, REV. SAMUEL C.** | * | |
| **TOLBERT, JR., MARY RIDEAU DOUCET,** | * | |
| **REV. JESSE B. BILBERRY, AFI C. PATTERSON,** | * | |
| **FRED PITCHER, CHANCELLOR, SOUTHERN** | * | |
| **UNIVERSITY LAW CENTER, AND THE BOARD** | * | |
| **OF SUPERVISORS OF THE SOUTHERN** | * | |
| **UNIVERSITY AND AGRICULTURAL &** | * | |
| **MECHANICAL COLLEGE** | * | **JURY TRIAL REQUESTED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

The complaint of Arthur E. Stallworth, a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana, respectfully represents as follows:

1.

Named Defendants herein in their official capacities are Ralph Slaughter, President, Southern University & Agricultural & Mechanical College, Johnny G. Anderson, Chairman of the Board of Supervisors of Southern University, Richard J. Carlton, Jr., Warren A. Forstall, Dale N. Atkins, Lea D. Montgomery, Herman Lee Hartman, Sr., Louis Miller, Murphy Nash, Jr.,

-2-

E. Jean Ware, Achilles Williams, Myron K. Lawson, Tony M. Clayton, Rev. Samuel C. Tolbert, Jr.; Mary Rideau Doucet, Rev. Jesse B. Bilberry, Afi C. Patterson, Fred Pitcher, Chancellor, Southern University Law Center, and the Board of Supervisors of Southern University and Agricultural & Mechanical College. All Defendants are residents of the State of Louisiana. The Defendant, Board of Supervisors of Southern University and Agricultural and Mechanical College, is named as a Defendant only in the Plaintiff's state law claims.

2.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. The claims brought by the Plaintiff include violations of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has supplemental jurisdiction of all the Plaintiff's state law claims, including claims for violations of Article I, § 2 of the Constitution of the State of Louisiana, pursuant to 28 U.S.C. § 1367.

3.

In the summer of 1991, the Plaintiff was employed by the Southern University Agricultural and Mechanical College as an Associate Law Professor and Director of Clinical Legal Education of the Southern University Law Center. This was a full-time position and no outside employment or practice of law was permitted.

4.

Thereafter, the Plaintiff performed his duties in an exemplary manner.

5.

In the summer of 1993, the Plaintiff was promoted to the position of Full Professor and Vice-Chancellor of the Law Center. At the same time, the Plaintiff was notified that he had been awarded tenure.

6.

As a result of the Plaintiff's earning of tenure, he acquired a property interest in and to his position.

7.

In January of 2005, the Plaintiff informed the Defendant, Chancellor Fred Pitcher, that he was considering relinquishing his role as Vice Chancellor effective June 30, 2005 but continuing to teach at the Law Center as a full-time Full Professor of law.

8.

In May of 2005, Chancellor Pitcher requested that the Plaintiff continue to perform the duties of Vice Chancellor for one more year and agree to increase the Plaintiff's salary to $143,797.00 if the Plaintiff would do so.  The Plaintiff accepted Chancellor Pitcher's offer and continued to perform the duties of Vice Chancellor for an additional year.

9.

However, Chancellor Pitcher never paid the Plaintiff the $143,797.00 which was agreed upon.  At first, the implementation of this agreed to pay raise was delayed by freezes and the like resulting from Hurricane Katrina.  However, even after the freezes and the like were lifted, Chancellor Pitcher still did not pay to the Plaintiff his agreed to raise and, in fact, has not done so to date.

10.

The Plaintiff alleges that Defendant Pitcher's refusal to pay to the Plaintiff the pay raise which had been agreed upon, even after the Plaintiff had fully performed his part of the contractual bargain constitutes a breach of the contractual rights and obligations of the parties.

11.

Although this pay raise was apparently not approved by the Board of Supervisors, Louisiana law recognizes the existence of an implied contract in this situation and estops the Defendants from denying the enforceability of this contract.

12.

After the Plaintiff had completed another year of service as Vice-Chancellor, in June of 2006, Chancellor Pitcher informed the Plaintiff that he (Pitcher) was obligated to reduce his salary because of some policy that had never been disclosed to the Plaintiff at the time of the original negotiation of his employment agreement or at any time thereafter. After the Plaintiff and Chancellor Pitcher discussed the matter further, Chancellor Pitcher stated that he would decrease his salary by 10%.

13.

At that time, it became apparent to the Plaintiff that decisions about the compensation of tenured faculty members working at the Southern University Law Center were being made on a arbitrary and ad hoc basis without any standards, criteria, or safeguards to govern or guide these decisions so as to prevent arbitrary and discriminatory decisions being made concerning the compensation of tenured law faculty members.

14.

The Plaintiff alleges that it violates the due process clauses of the Fourteenth Amendment to the United States Constitution and La. Art. II § 2 of the Louisiana Constitution to allow and permit Southern University Law Center officials to have the "unfettered" discretion to adversely affect property rights in and to the compensation of law school faculty members without providing any standards, criteria, or safeguards for the exercise of this discretion.

15.

In June of 2006, the Plaintiff submitted his resignation as Vice-Chancellor of the Law Center but continued to perform his full-time duties as a full Professor of Law.

16.

In August of 2006, the Defendant, Pitcher, approved a 10% reduction in the Plaintiff's pay.

17.

On November 24, 2006, this 10% pay reduction was approved by the Southern University Board of Supervisors without providing the Plaintiff notice of the meeting at which this reduction was approved or opportunity for a pre-deprivation opportunity to be heard.

18.

On December 19, 2006, the Plaintiff filed a grievance concerning his pay disputes with the University with the Defendant Ralph Slaughter.  To date, there has been no response to or determination on this grievance in violation of the "Procedure for Obtaining Redress to Grievances" which is set forth in the <u>Faculty Guide for the Southern University Law Center</u> and which is an integral part of the overall employment agreement between Professor Stallworth and Southern University.

19.

The Plaintiff avers that Defendant Slaughter's failure and refusal to comply with the grievance procedure constitutes a violation of the contractual rights and obligations of the parties as well as a violation of the Plaintiff's rights under the federal and state due process clauses to a prompt post deprivation hearing.

20.

Plaintiff respectfully requests a jury trial in this matter.

**WHEREFORE**, the Plaintiff, Arthur E. Stallworth, respectfully prays for judgment in his favor as follows:

I.  For a declaratory judgment finding and declaring that the Defendants violated the Plaintiff's rights to due process of law and breached the employment agreement between the Plaintiff and Southern University;

II. For equitable and injunctive relief ordering the Defendants to reinstate the Plaintiff's salary to what was agreed upon in August – September 2005 between the Plaintiff, Arthur E. Stallworth, and the Defendant, Fred Pitcher;

III. Alternatively, for judgment under Louisiana law for all lost salary and benefits resulting from the Defendants' breach of contract and improper reduction of the Plaintiff's salary;

IV. For judgment against the Defendants for attorney's fees and litigation expenses in accordance with 42 U.S.C. § 1988; and

V.  For legal interest in accordance with law and for all costs of this proceeding.

**Respectfully Submitted;**

**SMITH LAW FIRM**

s/J. Arthur Smith, III_____
J. ARTHUR SMITH, III
(La. Bar No. 07730)
830 North Street
Baton Rouge, Louisiana  70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
*Attorney for Plaintiff*