UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR STALLWORTH                                CIVIL ACTION

VERSUS                                           NUMBER 07-886-FJP-DLD

RALPH SLAUGHTER, ET AL

**NOTICE TO COUNSEL**

PLEASE TAKE NOTICE that oral argument on the defendants' Motion to Dismiss and/or for Summary Judgment[1] is set for Thursday, March 11, 2010, at 1:00 p.m. before Judge Frank J. Polozola in Courtroom 2 of the Russell B. Long Federal Courthouse, 777 Florida Street, Baton Rouge, Louisiana.  The parties shall be prepared to address the following questions at oral argument:

1. Have the defendants been sued in their official capacities, individual capacities, or both?  Is the defense of qualified immunity applicable under the facts of this case?

2. If the defendants have been sued in their official capacities, does *Will v. State of Michigan*[2] and the 11th Amendment allow money damages to be awarded for any type of prior, current, or future damages?

3. Does the 11th Amendment and *Will v. State of Michigan* prohibit the Court from awarding injunctive relief?

---

[1] Rec. Doc. No. 20.

[2] 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Doc#46459

4.  Is Southern University a "person" under 42 U.S.C. § 1983 which would prohibit the Court from awarding monetary damages against the defendants?

5.  Can an award under 42 U.S.C. § 1983 permit the Court to order the plaintiff's pay increase or is the plaintiff limited to monetary damages?

6.  Is the doctrine of Qualified Immunity an issue in this case? If so, has the plaintiff properly amended his complaint to comply with Fifth Circuit case law (*Schultea v. Wood*) on this issue?

7.  Assuming the requirements of raising qualified immunity as a defense and a proper response has been filed in plaintiff's complaint, does the doctrine of qualified immunity bar plaintiff's case against the defendants?

8.  Does the 11th Amendment prohibit the award of back pay, if any, to the plaintiff?

9.  Does the 11th Amendment foreclose the award of future lost wages?

10. Has the plaintiff alleged a "clearly established constitutional right" with respect to his pay increase? If so, was the defendants' conduct nevertheless "objectively reasonable" under the facts of this case?

11. Has the plaintiff established a property interest in the allegedly contracted-for pay increase at issue in this case?

12. What statute of limitations applies under the facts of this case - one year or ten years?

13. Has this case been timely filed?

IT IS SO ORDERED.

Baton Rouge, Louisiana, March 2, 2010.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA